97 F.3d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gregory Ricardo CHAPA, Plaintiff-Appellant,
v.
John SOWDERS, Warden; Joe Martin, Lt.; Jack Lewis,
Commissioner, Defendants-Appellees.
 No. 95-6636.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1996.
 
 Before: KEITH, NORRIS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Gregory Ricardo Chapa, a Kentucky prisoner proceeding pro se, appeals a district court judgment dismissing his amended civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive, and monetary relief, Chapa sued the warden (Sowders) and a lieutenant (Martin) of the Bell County Forestry Camp, and the Commissioner of the Kentucky Department of Corrections (Lewis) for allegedly violating his rights under the Eighth and Fourteenth Amendments. He alleged that on September 10, 1993, while he was on a work detail supervised by Martin, a bottle containing an unknown chemical was knocked to the ground, spilling and releasing noxious fumes. He was soon choking and coughing, and suffered watery eyes, nausea, and dizziness. When Martin arrived on the scene, he was informed of the accident and asked Chapa if he was all right; Chapa responded that he wasn't sure, and that he was dizzy and nauseous. Chapa further alleged that, beginning about 1 1/2 weeks later and continuing to the time of his filing, he suffered from further symptoms. He claimed that Martin was liable for his injuries because he left the work detail unsupervised for about 30 minutes, during which time the chemical was spilled, and did not offer to take Chapa to the hospital. In his amended complaint, Chapa specifically alleged that Martin was deliberately indifferent to his need for immediate medical attention and that he failed to follow prison policies and procedures on supervision, medical treatment, and safety. Chapa also alleged that he still suffered most of the physical effects and symptoms, but had not received adequate medical treatment at the Kentucky State Reformatory (KSR), to which he had since been transferred.
 
 
 3
 In a report filed on March 1, 1995, a magistrate judge recommended that the complaint be dismissed sua sponte pursuant to either 28 U.S.C. § 1915(d) or Fed.R.Civ.P. 12(b)(6). The magistrate judge concluded that Chapa had not sufficiently pleaded his Fourteenth Amendment claim, that he had failed to demonstrate a culpable state of mind as to the Eighth Amendment claim against Martin, that § 1983 recognized no respondeat superior liability which would support a claim against Sowders and Lewis, that he had failed to allege facts which would support a § 1985(3) claim, that his claims against unnamed defendants at KSR must be brought in the Western District of Kentucky, and that his pendent state claim of negligence should be dismissed for lack of jurisdiction. Chapa filed objections, in which he acknowledged that he had not sufficiently pleaded either his due process claim or his claim against defendant Lewis. He also abandoned his § 1985(3) claim. However, he continued to assert the merits of his remaining claims. The district court overruled his objections, adopted the magistrate judge's report, and dismissed the action in an order and judgment filed on November 1 and entered on November 2, 1995. The state negligence and KSR claims were dismissed without prejudice to Chapa's raising those claims in the proper courts.
 
 
 4
 On appeal, Chapa continues to argue the merits of his Eighth Amendment claims against Martin and Sowders.
 
 
 5
 Upon review, we affirm the district court's judgment for the reasons stated by the magistrate judge as adopted by the district court. When the complaint is construed in a light most favorable to Chapa, he can prove no set of facts in support of his claims that would entitle him to relief. See Wright v. MetroHealth Medical Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.